**IN THE UNITED STATES BANKRUPTCY COURT FOR
THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| **IN RE:** | **CASE NO.  10-11227** |
| **JUAN RAMON GRACIA GIL** | |
| **YESSENIA MARQUEZ FELIX** | |
| **Debtors** | **Chapter   7** |
| | |
| **JUAN RAMON GRACIA GIL** | **Adversary No. 16-0135** |
| **YESSENIA MARQUEZ FELIX** | |
| **Plaintiffs** | |
| **vs.** | |
| **COOPERATIVA DE AHORRO Y CREDITO DE ISABELA** | |
| **Defendant** | <span style="color:red">**FILED & ENTERED ON 03/09/2017**</span> |

**OPINION & ORDER**

Before this Court is Plaintiffs'  Motion for Partial Summary Judgment on Liability ("Motion")  filed on 2/03/2017  [Dkt. No. 15].  This Motion was unopposed by the Defendant despite receiving notice of the Motion and time to object.[1]  For the reasons set forth below, the Plaintiffs' Motion is GRANTED.

The role of summary judgment is to look behind the facade of the pleadings and assay the

---

[1] The Court refers Defendant to PR LBR 5005-4(g).

parties' proof in order to determine whether a trial is required. Under Fed.R.Civ.P., Rule 56(c), made applicable in bankruptcy by Fed.R.Bankr.P., Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010).  As to issues on which the movant, at trial, would be compelled to carry the burden of proof, it must identify those portions of the pleadings which it believes demonstrates that there is no genuine issue of material fact. In re Edgardo Ryan Rijos & Julia E. Cruz Nieves v. Banco Bilbao Vizcaya & Citibank, 263 B.R. 382, 388 (B.A.P. 1st Cir. 2001).

Even when a motion for summary judgment is unopposed, the court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law.  Likewise, the court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact. In an unopposed motion for summary judgment, the court is still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate. Aguiar-Carrasquillo v. Agosto-Alicea, 445 F.3d 19 (1st Cir.2006).[2]

It is well-settled that "before granting an unopposed summary judgment motion, the court

---

[2] Entry of a summary judgment motion as unopposed does not automatically give rise to a grant of summary judgment. Instead, "the district court [is] still obliged to consider the motion on its merits, in light of the record as constituted, in order to determine whether judgment would be legally appropriate." Mullen v. St. Paul Fire and Marine Ins. Co., 972 F.2d 446, 452 (1st Cir.1992). "Even when faced with an unopposed motion for summary judgment, a court still has the obligation to test the undisputed facts in the crucible of the applicable law in order to ascertain whether judgment is warranted." Mendez v. Banco Popular de Puerto Rico, 900 F.2d 4, 7 (1st Cir.1990); Fed.R.Civ.P. 56(e)); Pico Vidal v. Ruiz Alvarado, 377 B.R. 788 (D.P.R., 2007).

must inquire whether the moving party has met its burden to demonstrate undisputed facts entitling it to summary judgment as a matter of law." Lopez v. Corporacion Azucarera de Puerto Rico, 938 F.2d 1510, 1517 (1st Cir.1991). Accordingly, we emphasize that courts "in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law." Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir.1993).

**Factual Background**

This complaint stems from Cooperativa de Ahorro y Credito de Isabela's (Cooperativa) collection of Plaintiff's monies in violation of the discharge injunction pursuant to 11 U.S.C. § 524. Plaintiffs/Debtors filed bankruptcy under Chapter 7 on November 30, 2010. Cooperativa was included as a creditor, listed in the master address list and in the list of creditors filed in this case. The Cooperativa was duly notified and knew of the filing of the bankruptcy petition, as evidenced from the filing of claim number 6 on April 4, 2011. The Plaintiffs' discharge was entered on September 2, 2011 [Dkt. No. 38]. On or about March 3, 2016, Cooperativa filed a foreclosure action in the Humacao Court of First Instance of Puerto Rico against Plaintiffs, case number HSCI2016-00237, seeking to seize and foreclose the real property that guaranteed the discharged debt, and further moved for judgment against Plaintiffs personally if the proceeds of the public sale were not sufficient to cover the amount of the alleged debt.

After reviewing the Plaintiffs' arguments, and the relevant law, this Court determines that there is no triable issue as to any material facts and that the moving party is entitled to judgment as a matter of law. The court concludes after a review of the documents provided by Plaintiffs that they have met their burden in terms of producing adequate affirmative evidence.

In the instant case, Defendant's collection efforts against Plaintiffs after they filed for bankruptcy protection and obtained a discharge on September 2, 2011, constitute a willful violation of the discharge injunction, pursuant to 11 U.S.C. § 524.

**THEREFORE**, Plaintiffs' Motion for Partial Summary Judgment on Liability shall be and is hereby GRANTED. The Clerk's Office will schedule a trial to consider the awarding of damages. A joint pre-trial report will be filed seven (7) days prior to the trial date set by the Clerk. Judgment will be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 9th day of March, 2017.

Brian K. Tester
U.S. Bankruptcy Judge